IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
(MARSHALL DIVISION)

| | |
|---|---|
| **BRANDON PRICE, AL AGUIRRE, JON HOLIDAY, REGINALD WINTERS and DENISE WILBANKS** on Behalf of Themselves and All Others Similarly Situated,<br><br>                        **Plaintiffs,**<br>v.<br><br>**TALASCEND, INC., EPCGLOBAL, f/k/a EPCJOBS (U.S.) OPERATIONS, INC., d/b/a EPCGLOBAL (collectively refered herein as "EPCglobal"),**<br><br>                        **Defendants.** | Case No.  2:08-cv-329<br><br>COLLECTIVE ACTION |

## JOINT MOTION TO DISMISS WITH PREJUDICE AND FOR APPROVAL OF SETTLEMENT

Plaintiffs, BRANDON PRICE, AL AGUIRRE, JON HOLIDAY, REGINALD WINTERS and DENISE WILBANKS, individually and on behalf of those similarly situated ("Plaintiffs"), and Defendants TALASCEND, INC., EPCGLOBAL, f/k/a EPCJOBS (U.S.) OPERATIONS, INC., d/b/a EPCGLOBAL (collectively referred to as "EPCglobal" or "Defendants") file this Joint Motion to Dismiss with Prejudice and for Approval of Settlement, and respectfully state as follows:

Although this case was filed on August 28, 2008, the Parties have been involved in litigation of this matter since October 11, 2007.  Plaintiffs originally filed a demand for arbitration with the American Arbitration Association seeking to recover the unpaid overtime wages, liquidated damages, attorneys' fees, and costs owed to Plaintiffs and other employees under Section 16(b) of the Fair Labor Standards Act ("FLSA").  The Parties are pleased to announce the dispute has been resolved.  Because this case involves the assertion of claims under

the FLSA and was originally in arbitration, the Parties filed the instant action to ensure Plaintiffs claims asserted under the FLSA are dismissed with prejudice and that the settlement agreement is an effective and binding waiver of the claims set forth in the settlement agreement.

## I.   BACKGROUND AND AUTHORITIES

On October 11, 2007, Plaintiffs filed a demand for arbitration with the American Arbitration Association as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act, to recover the unpaid wages, liquidated damages, attorneys' fees, and costs owed to these employees.  Over the course of several months and after review of voluminous pay records, the Parties were able to reach an agreement to settle the Action on the terms contained in the Joint Stipulation of Settlement.[1]  Pursuant to the Parties' agreement, Plaintiffs dismissed their Demand for Arbitration and filed this action.  Through this action, the Parties seek dismissal of Plaintiffs' claims with prejudice and the Court's approval of this settlement.

In order to be a binding settlement under the FLSA, a waiver of FLSA claims must be obtained in connection with a settlement supervised by the Department of Labor or approved by a court.  The Court may approve a settlement where the settlement involves the resolution of a *bona fide* dispute and is a fair and reasonable compromise of issues that are actually in dispute.  *Lynn's Food Stores, Inc. v. U.S., By and Through U.S. Dept. of Labor, Employment Standards Admin., Wage and Hour Div.*, 679 F. 2d 1350 (11th Cir. 1982); *Jarrad v. Southern Shipbuilding Corp.,* 163 F. 2d 960 (1947).  The settlement agreement presented herein represents a fair and reasonable compromise of a *bona fide* dispute.

Class Counsel conducted significant investigation into the facts and law prior to and during the prosecution of the case.  Such discovery and investigations have included, *inter alia*,

---

[1] The Joint Stipulation of Settlement, including attachments, is attached as Exhibit A.

the exchange of voluminous data and documents pursuant to settlement efforts, interviews of numerous putative class members, specific review of company documents by Plaintiffs, review of three data sets containing thousands of records in each set, and several conferences between representatives of the Parties.  Plaintiffs further investigated the applicable law as applied to the facts discovered regarding Plaintiffs' alleged claims and potential defenses thereto, the damages claimed by Plaintiffs and conducted an investigation into the financial solvency of the Defendant.

Plaintiffs recognize the expense and length of continued proceedings necessary to continue litigating against Defendant through various hearings, trial, and any possible appeals. Plaintiffs have also taken into account the uncertainty and risk of the outcome of further litigation and the difficulties and delays inherent in such litigation.  Plaintiffs are also aware that settlement of this avoids additional burdens to unnamed individuals in responding to discovery, attending depositions and testifying at hearings and trial as necessary.  Plaintiffs are aware of the burdens of proof necessary to establish liability for the claims asserted in this case and Defendant's defenses thereto.

The settlement agreement provides that the individuals receiving a payment will receive 100% of their unpaid FLSA overtime wages (based on payroll records previously submitted by the individuals), before applicable deductions.  Based on the foregoing, Plaintiffs' counsel and Plaintiffs have determined that the settlement set forth herein is fair, adequate and reasonable, and is in the best interests of Plaintiffs and those similarly situated.

## II.   CONCLUSION

The Parties hereby request the Court enter the Order submitted with this Joint Motion, thereby dismissing Plaintiffs' claims with prejudice and approving the terms of the settlement.

Respectfully submitted,

LEE & BRAZIEL, LLP

By:___/s/ J. Derek Braziel_____
J. Derek Braziel
TX Bar No. 00793380
1801 N. Lamar St.; Suite 325
Dallas, TX 75202
214-749-1400
214-749-1010 (fax)

Attorneys for Plaintiffs

By:___/s/ Robert P. Kristoff_____
Robert P. Kristoff, Esq.
CA Bar No. 90874
Paul, Hastings, Janofsky & Walker LLP
55 Second Street, Twenty-Fourth Floor
San Francisco, CA 94105

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Motion and the Order and Attachments has been served on Defendant's counsel.

 /s/ J. Derek Braziel_____
J. Derek Braziel